# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

CHAMBERS OF
JULIEN X. NEALS
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING BLDG.
& U.S. COURTHOUSE
50 Walnut Street
Newark, NJ 07102
(973) 645-6042

January 2, 2025

### LETTER OPINION

**RE: JAMEEL ~~I.~~ v. COMMISSIONER OF SOCIAL SECURITY**
**Civil Action No. 21-20749 (JXN)**

Dear Counsel:

This matter comes before this Court is Defendant Commissioner of Social Security's ("Defendant") unopposed motion to dismiss *pro se* Plaintiff Jameel I.'s ("Plaintiff") Complaint for failure to exhaust administrative remedies pursuant to Federal Rule of Civil Procedure 12(b)(1). (ECF No. 8.)[1] The Court has considered the parties' submissions and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Defendant's motion to dismiss is **GRANTED**.

**I.   DISCUSSION**

On March 24, 2020, Plaintiff filed a concurrent claim for Supplemental Security Income (SSI) and Social Security Disability (SSD) with a protective filing date of March 9, 2020 (Declaration of Andrea Wilder ("Wilder Decl.") ¶ 2(a), ECF No. 8-1; *id*., Ex. 1.) That same day, e SSI and SSD claims were routed to the Disability Determination Services (DDS) for a medical

---

[1] Defendant filed the instant motion to dismiss on March 28, 2022. (*See* ECF No. 8.) Plaintiff's opposition to Defendants' motion was due April 11, 2022. This matter was reassigned to the Undersigned on November 29, 2023. To date, Plaintiff has not submitted an opposition or requested an extension of time to respond. The Court will, therefore, consider the motion to dismiss filed at ECF No. 8 unopposed.

determination. On August 27, 2020, DDS issued a Notice of Disapproved Claim for both the SSI and SSD applications based on Plaintiff's medical information. (Wilder Decl. ¶¶ 2(b)-(c)); *id.*, Exs. 2, 3.) On October 1, 2020, Plaintiff submitted an SSA-521 Request for Withdrawal of Application and included a notarized letter supporting his request to withdraw all applications. Plaintiff did not take any steps to appeal the denial of his applications. (Wilder Dec. ¶¶ 2(d)- (e); *id.*, Exs. 4, 5.)

On March 1, 2022, after he filed the Complaint in this matter (Complaint ("Compl."), ECF No. 1), Plaintiff filed a new SSD claim online with a protective filing date of February 18, 2022. (Wilder Decl. ¶ 2(f); *id.*, Ex. 6.) As of the date of Defendant's filing of the instant motion, Plaintiff's SSD claim remained pending with the Agency. (*Id.*)

This Court has jurisdiction to review claims arising under the Social Security Act (the "Act") only as provided for in 42 U.S.C. §§ 405(g) and (h). *See* 42 U.S.C. § 405(h) (limiting review of decisions of the Commissioner "except as herein provided"). Section 405(g) of the Act provides that individuals may only seek district court review of a "final decision of the Commissioner of Social Security made after a hearing to which he was a party." 42 U.S.C. § 405(g); *see also Reeves v. Colvin*, Civ. No. 15-7974 (CCC), 2017 WL 1745035, at *1 (D.N.J. May 2, 2017). A "final decision" of the Commissioner exists only after a claimant has exhausted a four-step administrative process, which requires: 1) an initial determination; 2) reconsideration upon request; 3) a hearing before an administrative law judge; and 4) a review by the Appeals Council. *See* 20 C.F.R. § 416.1400(a)(5).

Here, Plaintiff has not exhausted his administrative remedies by obtaining a judicially reviewable "final decision after a hearing" on his application for benefits as required by the Social Security Act. 42 U.S.C. § 405(g); *see also* 42 U.S.C. § 1383(c)(3). Therefore, this Court lacks subject matter jurisdiction to hear Plaintiff's claim. Accordingly, Defendant's motion to dismiss

Plaintiff's Complaint for lack of subject matter pursuant to Federal Rule of Civil Procedure 12(b)(1) is granted.

## II.   CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss (ECF No. 8) is **GRANTED**, and Plaintiff's Complaint (ECF No. 1) is **DISMISSED**. An appropriate order follows.

_____
HONORABLE JULIEN XAVIER NEALS
United States District Judge

cc: All counsel of record (via ECF)